UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLIAM CORSELLO, EVEYLYN CORSELLO,
JACK KURTZ, JOSEPH GRILLO and VIVIAN
GRILLO, husband and wife, JEFF MICHAELS and
BARBARA MICHAELS, husband and wife,
31-11 30th AVE LLC, AGRINIOS REALTY INC.,
K.A.P. REALTY INC., LINDA DAVIS, PETER
BLIDY, VASILLIOS CHRYSIKOS, 3212
ASTORIA BLVD. REALTY CORP., MNT
REALTY LLC, ANTHONY CARDELLA and
BRIAN CARDELLA, 46-06 30th AVENUE
REALTY CORP., CATHERINE PICCIONE, and
CROMWELL ASSOC. LLC, on their own behalf
and on behalf of all others similarly situated,

               Plaintiffs,

               -against-

VERIZON NEW YORK, INC. (F/K/A NEW
YORK TELEPHONE COMPANY), VERIZON
COMMUNICATIONS, INC., IVAN G.
SEIDENBERG, LOWELL C. McADAM,
RANDALL S. MILCH, and JOHN DOES,

               Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-6059 (DLI)(RML)

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiffs Jack Kurtz ("Kurtz"), Joseph Grillo ("Mr. Grillo"), Vivian Grillo ("Mrs. Grillo"), Jeff Michaels ("Mr. Michaels"), Barbara Michaels ("Mrs. Michaels"), 31-11 30th Ave LLC ("31-11 30th Ave."), Agrinios Realty Inc. ("Agrinios"), K.A.P. Realty Inc. ("K.A.P."), Linda Davis ("Davis"), Peter Blidy ("Blidy"), Vasillios Chrysikos ("Chrysikos"), 3212 Astoria Blvd. Realty Corp. ("3212 Astoria Blvd."), MNT Realty LLC ("MNT"), Anthony Cardella, Brian Cardella, 46-06 30th Avenue Realty Corp. ("46-06 30th Ave."), Catherine Picciones

("Picciones"), and Cromwell Assoc. LLC ("Cromwell") (collectively, "Plaintiffs")[1] bring this action, on behalf of themselves and on behalf of all others similarly situated, against Verizon New York, Inc. ("Verizon New York"), Verizon Communications, Inc. ("Verizon Communications," and together with Verizon New York, Inc., "Verizon"), Ivan G. Seidenberg ("Seidenberg"), Lowell C. McAdam ("McAdam"), and Randall S. Milch ("Milch") (together with Seidenberg and McAdam, the "individual Defendants" and collectively with Verizon, "Defendants").

Plaintiffs' second amended complaint seeks relief pursuant to 42 U.S.C. § 1983, alleging that Defendants have violated: 1) Plaintiffs' right to procedural due process pursuant to the Fourteenth Amendment of the United States Constitution ("Fourteenth Amendment"), and 2) Plaintiffs' right to be free from a taking without just compensation pursuant to the Fifth Amendment of the United States Constitution ("Fifth Amendment"). Specifically, Plaintiffs claim that Defendants have violated their constitutional rights by "appropriat[ing] space on [Plaintiffs'] private properties to host tens of thousands of installations of [telephone] terminals and associated apparatus, each of which services telephone customers in numerous buildings." (Compl. ¶ 1, Docket Entry No. 14.) Defendants move to dismiss all of the claims asserted against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 17.) Plaintiffs oppose. For the reasons set forth below, Defendants' motion is granted due to lack of subject matter jurisdiction.

## BACKGROUND

The following facts are taken from the Plaintiffs' second amended complaint, as well as matters of which judicial notice may be taken, and are assumed true solely for purposes of this

---

[1] William Corsello ("Mr. Corsello") and Evelyn Corsello ("Mrs. Corsello") were originally named as Plaintiffs, but their claims were withdrawn as of July 27, 2012.

motion. Defendant Verizon New York is a New York State corporation and the "franchised incumbent local exchange carrier ("ILEC") for all of New York City and most of New York State." (Compl. ¶ 23.) Defendant Verizon Communications is a Delaware corporation and the corporate parent of Verizon New York. (Compl. ¶ 24.) Defendant Seidenberg is the Chairman and CEO of Verizon (Compl. ¶ 25), Defendant McAdam is Verizon's President and Chief Operating Officer (Compl. ¶ 26), and Defendant Milch is Verizon's Executive Vice President and General Counsel. (Compl. ¶ 27.)

In a typical electric telephone network, "distribution cables" carrying many telephone lines branch out from a telephone company's central offices. (Compl. ¶ 34.) The distribution cables eventually intersect with "service lines" that run to the premises of individual customers. (Compl. ¶ 34.) "Terminals," or "terminal boxes," are installed at the point of intersection between distribution cables and service lines. (Compl. ¶ 35.) Terminal boxes can be placed on the inside or the outside of customers' buildings, and they can be used to service single or multiple buildings. (Compl. ¶ 36.) Plaintiffs' second amended complaint concerns only Verizon terminal boxes placed on the exterior walls of Plaintiffs' buildings or on poles in their yards that are used to service multiple buildings. (Compl. ¶¶ 36, 39.)

Plaintiffs allege that the terminal boxes at issue "constitute permanent appropriations of portions of the host properties for the public use." (Compl. ¶ 52.) Plaintiffs complain that the terminals typically require several technician crew visits each year for the benefit of properties other than the host properties, resulting in frequent physical invasions. (Compl. ¶ 48.) According to Plaintiffs, Verizon owns approximately 30,000-50,000 multi-property service wall mounted terminals in New York State for which there has been no payment of agreed full compensation or a knowing and enforceable waiver of full compensation. (Compl. ¶ 53.) The

number of multi-property yard pole mounted terminals in New York State for which there has been no payment of full compensation or wavier of full compensation is unknown, but is believed to be in the tens of thousands. (Compl. ¶ 54.)

As an ILEC, Verizon enjoys "extraordinary state granted privileges to attach telephone equipment to private properties." (Compl. ¶ 55.) However, Plaintiffs claim that these privileges are subject to important limitations. For example, the privilege granted through the New York State Transportation Corporations Law 27 ("TCL 27") allows Verizon to place equipment necessary for its telephone network on private property, but "subjects the resulting attachments to the 'full compensation' rights of the property owners" and requires Verizon to "affirmatively . . . ensure that these full compensation rights are . . . honored." (Compl. ¶ 58.) According to Plaintiffs, Verizon has flouted its procedural obligations under TCL 27 and the Fourteenth Amendment by, *inter alia*, failing to notify building owners of their full compensation rights and failing to offer or pay full compensation. (Comp. ¶¶ 64, 74-75, 79.) Plaintiffs allege that Verizon has disregarded such procedural requirements "as a matter of established corporate policy and practice." (Compl. ¶ 79.) Plaintiffs further contend that the placement of Verizon's terminal boxes on their property constitutes unconstitutional "taking" for public use without just compensation, as prohibited by the Fifth Amendment. (Compl. ¶¶ 127-28.)

On December 17, 2007, Plaintiffs' counsel filed a putative class action against Verizon in New York State Supreme Court, Kings County, naming William Corsello and Evelyn Corsello as plaintiffs and raising a similar set of claims as those alleged in the present action (the "*Corsello* action"). (Defs.' Mem. at 7-8, Docket Entry No. 16; First Am. Compl. in *Corsello v. Verizon New York, Inc.*, No. 39610/07 (N.Y. Sup. Ct.)) On November 5, 2009, the state trial court denied class certification on various grounds. See *Corsello v. Verizon New York, Inc.*,

2009 WL 3682595 (N.Y. Sup. Ct. Nov. 5, 2009). On March 29, 2012, the New York State Court of Appeals affirmed the trial courts' denial of class certification in the *Corsello* action. *See Corsello v. Verizon New York, Inc.,* 18 N.Y. 3d 777 (2012). The New York State Court of Appeals also ruled that: 1) the Corsellos had stated a claim for inverse condemnation; 2) their inverse condemnation claim was not barred by limitations; 3) their deceptive trade practices claim was barred by limitations; and 4) their unjust enrichment claim was duplicative of their other claims. *See id.* According to Defendants, the *Corsello* state action has been voluntarily discontinued, and the Corsellos are no longer party to any litigation against Defendants. (Defs.' Reply at 1, n.1, Docket Entry No. 27.)

On December 30, 2010, while the Corsello's case was making its way through the state appellate courts, William Corsello, Evelyn Corsello, and Jack Kurtz commenced this putative class action against Verizon and the individual defendants. (Docket Entry No. 1.) On April 29, 2011, Plaintiffs filed their first amended complaint, which added as named Plaintiffs Mr. and Mrs. Grillo, Mr. and Mrs. Michaels, 31-11 30th Ave, Agrinios, K.A.P., Davis, Blidy, Chrysikos, 3212 Astoria Blvd., MNT, Anthony Cardella, Brian Cardella, 46-06 30th Ave., Picciones, and Cromwell (the "*Grillo* Plaintiffs"). (Docket Entry No. 8.) On July 27, 2012, Plaintiffs filed their second amended complaint, which withdrew William and Evelyn Corsello's claims. (Docket Entry No. 14.)

On December 9, 2011, the *Grillo* Plaintiffs filed an amended complaint in New York State Supreme Court, Queens County, in connection with another putative class action brought against Verizon based on essentially the same set of facts as alleged here (the "*Grillo* action").[2] (Amd. Compl. in *Grillo v. Verizon New York, Inc.*, No. 12580-11 (N.Y. Sup. Ct.) (the "*Grillo* Compl.")) The *Grillo* Plaintiffs stated that they intended to hold the *Grillo* action in abeyance

---

[2] It is unknown when this state action was originally filed, because the parties did not provide this information.

pending this Court's determination of jurisdiction in the present action. (*Grillo* Compl. ¶ 113.)

Several of the causes of action in Plaintiffs' second amended complaint are improper requests for advisory opinions regarding the Defendants' anticipated defenses. For example, Plaintiffs' 5th cause of action purports to seek a declaratory judgment that the statute of limitations on Plaintiffs' claims has tolled. (Compl. ¶¶ 223-230.)[3] Notably, the New York State Court of Appeals held that certain of the Corsello's claims were time barred. *See Corsello v. Verizon New York, Inc.,* 18 N.Y. 3d at 788-89. Plaintiffs' second amended complaint also includes claims for alternative remedies improperly styled as causes of action. (*See* Compl. ¶¶ 237- 251.) Thus, these claims, which the Court views as improper requests for advisory opinions, will not be addressed by the Court in connection with the present motion to dismiss. The Court will only consider those causes of action that properly may be brought in a complaint.

Accordingly, the Court construes Plaintiffs' second amended complaint as asserting claims for violations of Plaintiffs' procedural due process rights under the Fourteenth Amendment and right to be free of a taking without just compensation under the Fifth Amendment. Defendants move to dismiss Plaintiffs' claims against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, claiming that Plaintiffs' claims are unripe and time-barred, Plaintiffs' lack standing, and the second amended complaint fails to state a claim upon which relief may be granted. (Defs.' Mem.)

For the reasons set forth below, Defendants' motion is granted on the ground that Plaintiffs' claims are not ripe for judicial review due to failure to exhaust existing state remedies. As such, the Court need not reach any of Defendants' additional grounds for dismissal.

---

[3] Causes of action 2, 3, and 4 also address anticipated affirmative defenses. These three causes of action seek declaratory judgment that "verbal licenses," "Row-3's," and "90-day-revocables" "are not valid grounds under due process to deprive property owners of full compensation." (Compl. ¶¶ 202-222.)

## DISCUSSION

I.  **Legal Standard**

Subject matter jurisdiction is a threshold issue. Thus, where a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first. *Sherman v. Black,* 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F. 2d 674, 678 (2d Cir. 1990)). It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (quotation marks omitted). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Id*.

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth*., 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd*, 450 F. App'x. 66 (2d Cir. 2011). Federal question jurisdiction is invoked where the plaintiff's claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law within the meaning of the general federal question statute only if the federal question appears from the facts of the plaintiff's well pleaded complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

In order to invoke the limited jurisdiction of the federal court, Article III of the United States Constitution requires that a case or controversy exist. *Port Washington Teachers' Ass'n v. Bd. of Educ. of Port Washington Union Free Sch. Dist.*, 478 F.3d 494, 501 (2d Cir. 2007) (citing U.S. Const. art III, § 2, cl. 1). Critical to the determination as to whether there is a case or controversy is whether an action is ripe for review. *See Dougherty v. Town of N. Hempstead Bd.*

*of Zoning Appeals*, 282 F.3d 83, 90 (2d Cir. 2002) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967)) (finding that "[t]he purpose of the ripeness requirement is to ensure that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution."); If the case is not ripe for review, subject matter jurisdiction does not exist and the case must be dismissed. *See United States v. Fell*, 360 F.3d 135, 139 (2d Cir. 2004) (finding that "[r]ipeness is a constitutional prerequisite to exercise of jurisdiction by federal courts.")

II. **Analysis**

  a. **Plaintiffs' Claims Are Unripe**

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, the Supreme Court held, in relevant part, that a takings claim brought in federal court is not ripe until the party seeking just compensation pursues the procedures the State has provided for doing so. 473 U.S. 172 (1985). The Court reasoned that, since the Fifth Amendment does not require that just compensation "be paid in advance of, or contemporaneously with, the taking," the State's action is not "complete" until the party seeking compensation has exhausted any available "reasonable and adequate provision[s] for obtaining compensation after the taking." *Id.* at 195.

Defendants argue that Plaintiffs' claims are unripe because Plaintiffs have not pursued the available procedures for seeking just compensation provided under New York State law through an inverse condemnation action. (Defs.' Mem. at 12-13.) In response, Plaintiffs argue that *Williamson* does not apply here because: 1) the exhaustion requirement applies only to regulatory, rather than physical takings claims (Pls.' Mem. at 13-15, Docket Entry No. 19); 2) Plaintiffs' second amended complaint includes a cause of action sounding in procedural due process (Pls.' Mem. at 16-17); and 3) New York State does not provide a "reasonable, certain,

8

and adequate provision for obtaining compensation," because each Plaintiff may be required to sue Verizon individually.[4] (Pls.' Mem. at 17.) Each of Plaintiffs' arguments that *Williamson* does not apply to the present action are utterly without merit.

First, the Second Circuit explicitly has held that the exhaustion requirement announced in *Williamson* applies to both regulatory and physical takings claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 380 (2d Cir. 1995) (finding that "*Williamson* drew no distinction between physical and regulatory takings, and the rationale of that case . . . demonstrates that any such distinction would be unjustified").

Next, the Second Circuit also has held that "[l]and use challenges, whether pursued as a takings claim under the Fifth Amendment or as violations of equal protection or due process, are subject to the ripeness requirement articulated by the Supreme Court in *Williamson*." *Dreher v. Doherty*, 2013 WL 4437180 (2d Cir. Aug. 21, 2013) (citing generally *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d at 88 (finding that "[t]he ripeness requirement of *Williamson*, although announced in a takings context, has been extended to equal protection and due process claims asserted in the context of land use challenges). Where takings and due process claims arise out of the same factual events, courts apply the same ripeness inquiry to both claims. *See Country View Estates @ Ridge LLC v. Town of Brookhaven*, 452 F. Supp. 2d 142, 149 (E.D.N.Y. 2006) (requiring exhaustion of state procedures for awarding just compensation where plaintiffs alleged that defendants had violated their right to due process by, *inter alia*, failing to notify plaintiff of a relevant section of the town code).

Finally, *Williamson* forecloses Plaintiffs' argument that New York State's procedure for

---

[4] Plaintiffs are presumably referring to the denial of class certification in the *Corsello* action. To this court's knowledge, class certification has not yet been denied in the *Grillo* state action.

obtaining compensation is inadequate because it requires Plaintiffs to sue instead of forcing Verizon to initiate eminent domain proceedings. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. at 196-97 (holding that inverse condemnation proceedings are adequate procedures for obtaining compensation.) Plaintiffs' claim that they must be allowed to bring their allegations against Verizon in the form of a class action suit also fails.[5] *See Villager Pond, Inc. v. Town of Darien*, 56 F.3d at 380 (quoting *Southview Associates, Ltd. v. Bongartz*, 980 F.2d 84, 99 (2d Cir. 1992)) (finding that a state's procedure for obtaining compensation is available and adequate even where it "remains unsure and undeveloped . . . so long as a remedy potentially is available . . . .")[6] "It is well-settled that New York State has a 'reasonable, certain and adequate provision for obtaining compensation.'" *Country View Estates @ Ridge LLC v. Town of Brookhaven*, 452 F. Supp. 2d at 156 (observing that the New York State Constitution provides that "private property shall not be taken for public use without just compensation"). Plaintiffs have failed to persuade the Court otherwise.

In summary, because Plaintiffs have not pursued the mechanisms for seeking just compensation provided under New York State law, Plaintiffs' claims are not ripe for review. As such, the Court lacks subject matter jurisdiction over this action, and the complaint must be dismissed. Having found that this court lacks jurisdiction, it is unnecessary to address the Defendants' remaining arguments supporting dismissal.

---

[5] Plaintiffs' filing of duplicative lawsuits in this and the *Grillo* action – to which every one of the Plaintiffs other than Mr. Kurtz is a named party – is blatant forum shopping for a court that will grant class certification.

[6] In *Southview*, for example, the Second Circuit held that a regulatory takings claim was unripe until state procedures were exhausted even though no court in the state had ever interpreted the relevant state law clause to require compensation for a regulatory taking. *Southview Associates, Ltd. v. Bongartz*, 980 F.2d at 99-100.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge